United States District Court
Southern District of Texas
**ENTERED**
January 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACOB REA'SHAW HERNDON, § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:22-cv-01086 |
| § | |
| IRS INTERNAL REVENUE SERVICE, § § | |
| Defendant. § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court are Defendant United States of America's ("Defendant's") Motion to Dismiss Complaint (ECF 22); Plaintiff Jacob Rea'Shaw Herndon's ("Plaintiff's") Motion to Strike (ECF 28); Plaintiff's Motion to Compel Production of Documents (ECF 31); Plaintiff's Motion for Leave to Amend Motion to Compel Production of Documents (ECF 34); and Plaintiff's Motion to Enter Scheduling and Case Management Order (ECF 36). Having considered the parties' submissions and the applicable law, it is RECOMMENDED that Defendant's Motion to Dismiss (ECF 22) be GRANTED and that Plaintiff's Motions (ECF 28; ECF 31; ECF 34; ECF 36) be addressed in a separate Order.[1]

**I.     Background**

This case involves a dispute concerning the Internal Revenue Service's (the "IRS's") efforts to collect taxes from Plaintiff. ECF 1 at 4. Plaintiff filed a pro se Complaint on April 1, 2022, using Form 15, "Complaint for Violation of Civil Rights," naming the Internal Revenue

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

1

Service ("IRS") as Defendant. ECF 1. Plaintiff's Complaint purports to bring a claim for violations of the under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. *Id.* at 4. Plaintiff's Complaint contains the following (verbatim) allegations:

> SMIPLE THERE WAS NO NOTICE GIVE THAT HERNDON PAYMENT WOULD BE GRANISHED AND THE WERE AND NOW HE SEEK BOTH AND ALL INTERESTS IN THIS MATTER.
>
> . . .
>
> THE FOLLING AND INTERESTS RATE OF THE WITHHOLDER AND OR THE IRS AND THE TOTALLITY THAT IS OWED TO JACOB REA'SHAW HERNDON AND THE DATE WILL BEGUN AS SHOW HERE 12-31-2015
>
> AND THE 3/2022 THE ILLEGAL GRANISHMENT OF THE FOLLOWING 3/2022. HERNDON SEE THUS THE AMOUNT OWN ON THE 1099-C FOR 12-31-2015 AND ALL INTERESTS THEREOF AND THEN THUS THE AMOUNT NOW RECENTLY SAID TO BE OWN AS OF 3/*2022.

ECF 1 at 4-5. Defendant entered an appearance as United States of America (Internal Revenue Service) on May 26, 2022 (ECF 17) and filed the instant Motion to Dismiss Complaint on June 22, 2022 (ECF 22). Defendant seeks dismissal of the case under Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF 22 at 6-7.

## II. Standards of Law

### A. Motion to Dismiss under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction

The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.* When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*,

402 F.3d 489, 494 (5th Cir. 2005).  The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).  "Sovereign immunity deprives the court of subject matter jurisdiction." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

### B.  Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents

are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

### III.     Analysis

#### A. The Internal Revenue Service must be dismissed as a party.

Plaintiff names "IRS INTERNAL REVENUE SERVICE" as Defendant in his Complaint. ECF 1 at 1. Congress has not authorized the IRS to sue or be sued. Therefore, the IRS cannot be sued *eo nomine,* or in its name. *Eckhardt v. Internal Revenue Serv.*, Civil Action No. H-21-1297, 2022 WL 2528613, at *4 (S.D. Tex. July 7, 2022). Accordingly, the Internal Revenue Service must be dismissed as a party to the suit. *Id.* (citing *Henry v. United States*, 277 F. App'x 429, 435 (5th Cir. 2008)).

#### B. Plaintiff's constitutional claims against the real party in interest, the United States, should be dismissed.

The United States is the real party in interest in this suit and has appeared as an interested party. ECF 17. Plaintiff purports to bring claims against the IRS (United States) under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. However, "[t]he United States has not waived sovereign immunity for constitutional torts." *Rasheed v. I.R.S.*, No. 5:08CV192, 2009 WL 2366173, at *5 (E.D. Tex. May 7, 2009) (citation omitted). Plaintiff specifically seeks to assert constitutional torts through *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Under *Bivens*, parties may bring damage suits against federal officials for the violation of certain constitutional rights, including violations of the Fourth and Fifth Amendments of the United States Constitution. *Id.* at 397 (Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (Fifth Amendment). *Bivens* claims, however, may be brought only against *individual officials*, not against the United States. *Carlson*

*v. Green*, 446 U.S. 14, 20 (1980).  Accordingly, *Bivens* does not provide a cognizable basis for Plaintiff's claim against the United States.

      **C.**      **Even if Plaintiff's Complaint were liberally construed to allege statutory, as opposed to constitutional violations, the Complaint still must be dismissed.**

To the extent that Plaintiff could state a cognizable claim against the United States, "[t]he United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *Delta Commercial Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004) (citing *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003)).  Applying a very liberal construction to Plaintiff's Complaint, the Court interprets his claims to allege wrongful withholding of a refund and for disregard of Internal Revenue Code provisions.  The United States has consented to be sued for these causes of action under 26 U.S.C. §§ 7422 and 7433, respectively. *See also* 28 U.S.C. § 1346(a)(1) (the express grant of jurisdiction for a civil action against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected").  Yet, even if Plaintiff's Complaint were interpreted to allege claims for a refund under Title 26 U.S.C. § 7422, or for damages under Title 26 U.S.C. § 7433, those claims are still subject to dismissal:  First, the Court lacks subject matter jurisdiction over any potential claim Plaintiff's Complaint could be interpreted to allege under Section 7422.  Second, Plaintiff has failed to state a claim under Section 7433.

      **1.**      **The Court lacks subject matter jurisdiction over an unexhausted claim against the United States for a tax refund under 26 U.S.C. § 7422.**

Claims for a tax refund are governed by Section 7422 of Title 26 which "provides a limited waiver of sovereign immunity that permits taxpayers to file suits seeking refunds." *BNSF Ry. Co. v. U.S.*, 775 F.3d 743, 757 (5th Cir. 2015).  However, this provision provides that *"[n]o suit shall be maintained in any court* for the recovery of any internal revenue tax alleged to have been

erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Secretary . . . ." 26 U.S.C. § 7422(a) (emphasis added). This statutory language demonstrates that the requirement for filing a claim with the Secretary prior to bringing suit in any court is jurisdictional. *Id.*; *see also Schaeffler*, 889 F.3d at 243 (stating that a Plaintiff's failure to comply with the jurisdictional requirements of Section 7422 deprive the court of subject matter jurisdiction); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 638 (6th Cir. 2011) (using the language of Section 7422 as an example of "how [the text of] an exhaustion requirement might establish a jurisdictional requirement"). Plaintiff's Complaint fails to allege that he filed a claim for a refund prior to filing suit in this Court. Thus, even if Plaintiff's Complaint is construed to allege a claim against the United States for a tax refund under Title 26 U.S.C. § 7422(a), the Court is without jurisdiction to hear the claim.

> 2. **Plaintiff has failed to state a claim against the United States under 26 U.S.C. § 7433.**

Plaintiff alleges that in December 2015 and March 2022 there was an "illegal garnishment" of his assets and that he did not receive "notice" that his "payment" would be garnished. ECF 1 at 4-5. He seeks to recover damages in connection with these alleged wrongs. *Id.* Title 26 U.S.C. § 7433 authorizes taxpayers to bring a civil action for damages against the United States in connection with violations of the Internal Revenue Code or regulations promulgated thereunder. 26 U.S.C. § 7433(a). Section 7433 provides "the exclusive remedy" for recovering damages against the United States resulting from wrongful conduct of the IRS. 26 U.S.C. § 7433(a). Even if the Court liberally construed Plaintiff's Complaint to implicate a claim under Section 7433, Plaintiff has failed to plead any facts that would support such a claim. Because the Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face[,]" it must be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 570.

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Yet, Plaintiff cannot obtain a judgment for damages under Section 7433 absent exhaustion of administrative remedies. 26 U.S.C. § 7433(d)(1). To exhaust administrative remedies, a taxpayer must submit a written claim to the IRS. 26 C.F.R. § 301.7433-1(e)(1); *Jeanmarie v. Rettig*, 836 F. App'x 335, 336 (5th Cir. 2021). A civil action may then be filed in the federal district court (1) when the agency renders a decision on the claim, or (2) six months after the date of filing of an administrative claim. 26 C.F.R. § 301.7433-1(d)(1). This exhaustion requirement is not jurisdictional, but it is a statutory requirement for recovery and a condition of the United States' waiver of sovereign immunity. *Gilliam v. United States*, Case No. 3:20-CV-2366-M-BK, 2021 WL 4202136, at *3 (N.D. Tex. 2021) (citing *Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013)), *report and recommendations adopted*, Case No. 3:20-CV-2366-M-BK, 2021 WL 4197714 (N.D. Tex. Sept. 14, 2021); *see also Hoogerheide*, 637 F.3d at 638 (contrasting Sections 7422 and 7433 and noting that the language of the former establishes that exhaustion is jurisdictional, while the latter is merely "mandatory").

Accordingly, the Court RECOMMENDS that to the extent Plaintiff's Complaint can be interpreted to allege a claim under section 7433, it be DISMISSED WITHOUT PREJUDICE and that Plaintiff be allowed to file an amended complaint which demonstrates that Plaintiff has exhausted administrative remedies. If, within 14 days of the entry of any Order adopting of this Memorandum and Recommendation, Plaintiff fails to file an amended Complaint demonstrating exhaustion, Plaintiff is on notice that the claim will be subject for dismissal—on motion of the Court—for failure to state a claim. *See Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003) (relying

on 28 U.S.C. §1915 to dismiss a pro se, *in forma pauperis* litigant's claim under 26 U.S.C. § 7433 for failure to exhaust administrative remedies).

### IV.   Conclusion and Recommendation

Accordingly, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED as follows:

- Defendant Internal Revenue Service be DISMISSED as an improper party not subject to suit;
- Plaintiff's constitutional claims against real party in interest the United States be DISMISSED for lack of subject matter jurisdiction;
- Any potential statutory claim against the United States for a tax refund under § 7422 be DISMISSED for lack of subject matter jurisdiction; and
- Any potential statutory claim against the United States for wrongful garnishment under § 7433 be DISMISSED for failure to state a claim.

The Court also RECOMMENDS that Plaintiff be granted leave to amend his Complaint only with respect to a potential statutory claim under Title 26 U.S.C. § 7433.  If, within 14 days of the entry of any Order adopting of this Memorandum and Recommendation, Plaintiff fails to amend his complaint to demonstrate exhaustion and compliance with the two-year statute of limitations for a claim under § 7433, Plaintiff's re-pleaded claim is subject to dismissal.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 18, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge