United States District Court
Southern District of Texas

**ENTERED**
February 07, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB REA'SHAW HERNDON, | § § | CIVIL ACTION NO 4:22-cv-01086 |
| Plaintiff, | § § § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § § | |
| INTERNAL REVENUE SERVICE and UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE), | § § § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| JACOB REA'SHAW HERNDON, | § § § | CIVIL ACTION NO 4:22-cv-04346 |
| Plaintiff, | § § § | |
| vs. | § § | JUDGE CHARLES ESKRIDGE |
| | § § | |
| SEAL SECURITY and OFFICER GRIFFIN, | § § § | |
| Defendants. | § | |

| | |
|---|---|
| JACOB REA'SHAW HERNDON,<br>   Plaintiff,<br><br>vs.<br><br>CASH AMERICA PAWN,<br>   Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO<br>4:22-cv-04347<br><br><br><br>JUDGE CHARLES ESKRIDGE |
| JACOB REA'SHAW HERNDON,<br>   Plaintiff,<br><br>vs.<br><br>OCTAPHARMA PLASMA, *et al*,<br>   Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO<br>4:22-cv-04348<br><br><br><br>JUDGE CHARLES ESKRIDGE |

**ORDER DISMISSING ACTIONS AND
SETTING SHOW-CAUSE HEARING**

Plaintiff Jacob Rea'Shaw Herndon proceeds *pro se* in four actions presently before this Court. These were referred to Magistrate Judge Christina A. Bryan for pretrial purposes. She recommends that each be dismissed by a memorandum and recommendation pending in each action.

In *Herndon v Internal Revenue Service*, Herndon proceeds on a *Bivens* action alleging that the Internal Revenue Service illegally garnished "payment[s]" owed to him, thus violating the Fourth, Fifth, and Fourteenth Amendments. See No 22-cv-01086, Dkt 1 at 4–5. The

2

United States moved to dismiss the IRS as a party and substitute the United States, and to dismiss the claims against the United States as barred by sovereign immunity. Ibid, Dkt 22. Judge Bryan recommends that the motion be granted, along with (i) dismissal of the IRS as a party since it isn't subject to suit, (ii) dismissal of the constitutional claims against the United States as the real party in interest for lack of subject matter jurisdiction, (iii) dismissal of any potential statutory claim against the United States for a tax refund under 26 USC § 7422 for lack of jurisdiction, and (iv) dismissal of any potential statutory claim against the United States for wrongful garnishment under 26 USC § 7433 for failure to state a claim. Ibid, Dkt 42.

In *Herndon v Seal Security*, Herndon alleges that Defendants Seal Security and an Officer Griffin "harass[ed]" him in violation of Section 1983. See No 22-cv-04346, Dkt 1 at 2–3. Judge Bryan *sua sponte* recommends dismissal with prejudice for failure to allege the "state action" necessary for such a claim. Ibid, Dkt 5.

In *Herndon v Cash America Pawn*, Herndon brings action against Defendant Cash America Pawn for alleged "theft of property." See No 22-cv-04347, Dkt 1 at 6. Judge Bryan *sua sponte* recommends dismissal without prejudice for lack of diversity jurisdiction. Ibid, Dkt 5.

In *Herndon v Octapharma Plasma*, Herndon brings action for breach of contract and negligence against various Defendants for engaging in "deceptive action" related to "plasma taken from [Herndon's] body." See No 22-cv-04348, Dkt 1 at 3. Judge Bryan again recommends dismissal for lack of diversity jurisdiction. Ibid, Dkt 7.

No objections were filed to any of these pending memorandum and recommendations.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no

3

clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

For each case, no clear error appears upon review and consideration of each memorandum and recommendation, the pertinent record, and the applicable law.

For each case, the memorandum and recommendation of the Magistrate Judge is ADOPTED as the opinion and order of this Court.

As to *Herndon v Internal Revenue Service*, the motion by the United States to dismiss is GRANTED. No 22-cv-01086, Dkt 22. The constitutional claims asserted by Plaintiff Jacob Rea'Shaw Herndon against the United States as the real party in interest are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Any potential statutory claim against the United States for a tax refund under 26 USC § 7422 is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Any potential statutory claim under 26 USC § 7433 is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

As to *Herndon v Seal Security*, all claims asserted by Plaintiff Jacob Rea'Shaw Herndon are DISMISSED WITH PREJUDICE. No 22-cv-04346, Dkt 1.

As to *Herndon v Cash America Pawn*, all claims asserted by Plaintiff Jacob Rea'Shaw Herndon are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. No 22-cv-04347, Dkt 1.

As to *Herndon v Octapharma Plasma*, all claims asserted by Plaintiff Jacob Rea'Shaw Herndon are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. No 22-cv-04348, Dkt 1.

Repleading may be attempted only in *Herndon v Internal Revenue Service*, but only as to any potential statutory claim under 26 U.S.C. § 7433. Any motion to amend the complaint must be filed by February 20, 2023. Dismissal will be with prejudice if no amendment is sought.

Any other pending motions are DENIED AS MOOT.

Final judgments to follow in all matters save *Herndon v Internal Revenue Service*.

\* \* \* \* \*

As perhaps is already clear from the four above dispositions, Plaintiff Jacob Rea'Shaw Herndon has a clear pattern and history of filing vexatious litigation in the Southern District of Texas. Beyond those captioned above, available records show that he has pursued at least twenty-one cases in the past eight years—none of which have proven meritorious in any way.

Herndon's other, active matters include:
- *Herndon v Union Station Washington DC*, No 22-cv-01090 (pending before Judge Hanen);
- *Herndon v Houston Federal Credit Union et al*, No 22-cv-01868 (pending before Judge Bennett);
- *Herndon v MLG/Pf Toro Portfolio Investments LLC et al*, No 22-mc-00579 (pending before Judge Hanen); and
- *Herndon v Harris County District Attorney's Office et al,* No 22-mc-00581 (pending before Judge Hanen).

Herndon's prior, closed matters include:
- *Herndon v Discount Tires et al*, No 16-cv-01786 (dismissed by Judge Miller as frivolous);
- *Herndon v Harris County Sheriff Department*, No 18-cv-04608 (dismissed by Judge Hoyt for failure to exhaust administrative remedies before suing to challenge prison conditions);
- *Herndon v Harris County Sheriff Ed Gonzalez*, No 19-cv-00106 (dismissed by Judge Hanen for failure to exhaust state-court remedies before seeking writ of *habeas corpus*);
- *Herndon v IRS*, No 22-cv-00540 (dismissed by Judge Hughes for failure to pay filing fee or request to proceed IFP);

5

- *Herndon v Metropolitan Transit Authority et al*, No 22-cv-00708 (dismissed by Judge Werlein as frivolous);
- *Herndon v Horace Mann Life Insurance Company*, No 22-cv-02313 (dismissed by Judge Hanks for failure to appear for docket call); and
- *Herndon v ATT et al*, No 22-mc-01237 (dismissed by Judge Ellison as frivolous).

Herndon's dismal record in this regard also includes denial of leave to proceed in forma pauperis in ten matters—nine of which were filed just this past year, which themselves are in addition to the eight others listed above:

- *Herndon v Capital Bank et al*, No 22-mc-01302 (IFP application denied by Judge Hughes);
- *Herndon v United Auto Credit et al*, No 22-mc-01301 (IFP application denied by Judge Hughes);
- *Herndon v Fitzgerald*, No 22-mc-00988 (IFP application denied by Judge Bennett);
- *Herndon v University of Houston Police et al*, No 22-mc-01241 (IFP application denied by Judge Ellison);
- *Herndon v Thompson et al*, No 22-mc-01291 (IFP application denied by Judge Ellison);
- *Herndon v Herndon et al*, No 22-mc-01305 (IFP application denied by Judge Hughes);
- *Herndon v Woodforest National Bank*, No 22-mc-01796 (IFP application denied by Judge Hanks);
- *Herndon v Hamilton et al*, No 22-mc-00958 (IFP application denied by Judge Bennett);
- *Herndon v Lyons*, No 22-mc-01230 (IFP application denied by Judge Ellison); and
- *Herndon v Harris County District Attorney Office, et al*, No 18-cv-04856 (IFP application denied by Judge Gilmore).

Plaintiff Jacob Rea'Shaw Herndon is ADMONISHED that his vexatious litigation practices are abusive and may result in (i) the imposition of monetary sanctions, (ii) an order precluding him from filing further lawsuits in this District without first obtaining permission from the Court, and/or (iii) denial of his ability to proceed *pro se* or to obtain *in forma pauperis* status.

Herndon is ORDERED to SHOW CAUSE why sanctions shouldn't be imposed for his continuous filing of meritless lawsuits in this District.

**A hearing is SET for March 07, 2023 at 10:30 am in Courtroom 9F for that purpose.**

Failure to appear at the hearing will be taken as failure to show cause.

SO ORDERED.

Signed on February 7, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge